**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Damon Ratiek Riley, Appellant.

Appellate Case No. 2019-001810

—————————

Appeal From Dorchester County
Maite Murphy, Circuit Court Judge

—————————

Unpublished Opinion No. 2022-UP-165
Submitted March 1, 2022 – Filed April 6, 2022

—————————

**AFFIRMED**

—————————

Appellate Defender Joanna Katherine Delany, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Ambree Michele Muller, both of
Columbia; and Solicitor David Michael Pascoe, Jr., of
Orangeburg, all for Respondent.

—————————

**PER CURIAM:**  Damon Ratiek Riley appeals his conviction of two counts of
attempted murder and one count of possession of a weapon during the commission
of a violent crime and his aggregate sentence of sixty years' imprisonment.  On

appeal, he argues the trial court erred by denying his motion to exclude a video and photographs of him brandishing a weapon in a moving vehicle as improper character evidence under Rule 404(b), SCRE.  We hold the trial court properly found the evidence was offered to show identity and the danger of unfair prejudice did not outweigh the evidence's probative value.  Accordingly, we affirm pursuant to Rule 220(b)(2), SCACR, and the following authorities:  *State v. Douglas*, 369 S.C. 424, 429, 632 S.E.2d 845, 847-48 (2006) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice."); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."); *id.* ("It may, however, be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *State v. Gillian*, 373 S.C. 601, 610-11, 646 S.E.2d 872, 877 (2007) (finding evidence of the defendant's prior involvement in a burglary was admissible to show identity when the State presented testimony the defendant was in possession of a stolen weapon consistent with the murder weapon).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.